UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE YOUNG,

    Applicant,

v.                                                           CASE NO. 8:14-cv-2544-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Young applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for robbery, for which convictions he is imprisoned for twenty years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 12) The respondent admits the application's timeliness. (Response at 6 n.4, Doc. 6) The respondent correctly argues that Young's guilty plea bars the grounds for relief from federal review.

## **FACTS**

Young was charged with robbery, grand theft of a motor vehicle, and fleeing or eluding, each a felony, and was charged with two misdemeanors — obstructing or resisting an officer without violence and operating a motor vehicle without a license. On the morning of trial, Young chose to plead guilty to all charges in exchange (1) for his testifying truthfully in another case and (2) for his receiving a sentence of

twenty years with a mandatory minimum of fifteen years, a sentencing structure that avoided a possible sentence of life imprisonment.

According to the facts recited when he pleaded guilty, Young and two co-defendants robbed the victim inside the victim's motel room. One of the co-defendant's pointed a gun at the victim and struck him in the head with the gun. The assailants took the victim's pants and wallet before fleeing the room and stealing the victim's car. A police officer pursued the fleeing vehicle. Young was apprehended after a prolonged pursuit. The victim was transported to the site of the arrest, where he identified Young as one of the robbers. (Respondent's Exhibit 1 at 113–15)

Before his sentencing Young moved to dismiss counsel and to withdraw his plea. The state court both appointed Young new counsel, who filed a separate motion to withdraw the plea, and denied the motion after an evidentiary hearing. (Respondent's Exhibit 1A at 229) A second motion to withdraw the plea was unsuccessful, as was both the subsequent direct appeal and the motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure.

## GUILTY PLEA

Young pleaded guilty under the favorable terms of a plea agreement. The state court thoroughly canvassed Young to ensure that he was pleading voluntarily, knowingly, and intelligently. (Respondent's Exhibit 1 at 111–17). The state court confirmed the validity of the plea after hearing testimony from Young's former

counsel during an evidentiary hearing on the motion to withdraw plea, at which Young was represented by new counsel. Young's admission of the truth of the facts and his admission of guilt "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). *Accord Saldo v. Crosby*, 162 Fed. App'x 915, 917 (11th Cir. 2006) (applying *Allison*).

Young contends that his trial counsel rendered ineffective assistance by both waiving speedy trial and failing to advise him about an "independent act" defense. Neither issue challenges the validity of the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea[1] waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. *See e.g., United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."), and *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality

---

[1] A conviction based on a plea of *nolo contendere* is reviewed the same as a conviction based on a guilty plea. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982).

of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). As explained in *Hutchins v. Sec'y, Dep't of Corr.*, 273 Fed. App'x 777, 778 (11th Cir.), *cert. denied*, 555 U.S. 857 (2008), a guilty plea waives a claim of ineffective assistance of counsel based on a pre-plea event.

> In his habeas petition, Hutchins alleges that his trial counsel was ineffective for failing to explicitly define and advise him of a statute of limitations defense prior to advising him to waive that defense and plead guilty. Hutchins's voluntary guilty plea, however, waived any ineffective assistance of counsel claim.

Consequently, the entry of a guilty plea waives a claim (other than a challenge to the court's jurisdiction or a challenge to the voluntariness of the plea), including both a substantive claim and a purported failing of counsel that occurred before entry of the plea. Young's two grounds for relief challenge neither the court's jurisdiction nor the voluntariness of the plea. Moreover, even if not waived by the plea, both grounds lack merit.

Young asserted his two grounds of ineffective assistance of counsel in his motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. The post-conviction court both recognized that *Strickland v. Washington*, 466 U.S. 668 (1984), governs and determined that Young failed to prove that counsel's performance was both deficient and prejudicial. (Respondent's Exhibit 16 at 41) To prove entitlement to relief by a federal district court, Section 2254(d) requires an applicant to prove that the state court decision either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The state court's rejection of Young's post-conviction claims warrants deference in this case. (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 16 at 39–51)

In ground one of his federal application Young alleges that counsel rendered ineffective assistance by waiving speedy trial. The state court rejected this claim with the following analysis (Respondent's Exhibit 16 at 43):

> The Defendant claims that trial counsel was ineffective for waiving the Defendant's speedy trial rights even though the Defendant specifically told counsel to file a demand for speedy trial. The Defendant asserts that had counsel not waived speedy trial, he would not have entered into a plea but would have insisted on going to trial. The Defendant appears to be arguing that because the victim was unavailable for multiple subpoenas, had counsel filed a demand for speedy trial the State would have been unable to meet the 15-day recapture period without having the victim's testimony.
>
> This claim is without merit. Counsel may waive speedy trial even against a defendant's wishes. *See Randall v. State*, 938 So. 2d 542, 544 (Fla lst DCA 2006); *see also State v. Earnest*, 265 So. 2d 397, 401 (Fla. 1st DCA 1972) (holding that right to a speedy trial is a "procedural right as distinguished from a substantive right, and may be waived by [a defendant's] attorney without the necessity of securing his prior informed consent."). Therefore, Defendant has not satisfied the first prong of *Strickland* because counsel cannot be deemed deficient for waiving speedy trial. Accordingly, this claim is denied.

The state court correctly determined that Young was bound by his counsel's waiver of speedy trial, a decision that is left to the discretion of trial counsel. "An attorney,

acting without consent from his client, may waive his client's right to a speedy trial because '[s]cheduling matters are plainly among those [decisions] for which agreement by counsel generally controls.' *New York v. Hill*, 528 U.S. 110, 115, 120 S. Ct. 659, 664, 145 L. Ed. 2d 560 (2000) (regarding waiver of the right to speedy trial in the Interstate Agreement on Detainers)." *Fayson v. Sec'y, Fla. Dep't of Corr.*, 568 Fed. App'x 771, 773 (11th Cir. 2014) (brackets original), *cert. denied*, 135 S. Ct. 2866 (2015). Consequently, the state court's application of *Strickland* was not unreasonable.

In ground two of his federal application Young alleges that counsel rendered ineffective assistance by failing to advise him about the "independent act" defense. The state court rejected this claim with the following analysis (Respondent's Exhibit 16 at 42–43) (references to exhibits omitted):

> The Defendant argues that trial counsel was ineffective for failing to plan or discuss an "independent act" defense to the robbery and grand theft motor vehicle charges . . . . The "independent act" doctrine applies when a defendant who previously participated in a common plan, does not participate in acts committed by his co-felon, "which fall outside of, and are foreign to, the common design of the original collaboration. *Bradley v. State*, 33 So. 3d 664, 675 (Fla. 2010), quoting *Willacy v. State*, 967 So. 2d 131, 141 (Fla. 2007); *see also Jackson v. State*, 18 So. 3d 1016, 1026 (Fla. 2009) (*citing Rax v. State,* 755 So. 2d 604, 609 (Fla. 2000); Fla. Std. Jury Instr. (Crim.) 3.6(l)) (holding that an independent act of a co-defendant occurs when a person other than the defendant commits a crime (1) which the defendant did not intend to occur, (2) in which the defendant did not participate, and (3) which was outside of, and not a reasonably foreseeable consequence of, the common design or unlawful act contemplated by the defendant). Where a defendant "was a willing participant in the underlying felony

and the [crime in question] resulted from forces which they set in motion, independent act instruction is appropriate. *Ray*, 755 So. 2d at 609, citing *Lovette v. State*, 636 So. 2d 1304 (Fla. 1994).

According to the Defendant's version of the facts . . . he and a co-defendant Trenton Herron had gone to the robbery victim's hotel room with the common plan of simply picking up another co-defendant, Trisha Ledger, from the victim's hotel room. The Defendant claims that he did not know that Mr. Herron had a gun or that Mr. Herron was going to rob the victim, and that Mr. Herron acted alone in committing the robbery. The Defendant further claims that after the robbery occurred, Mr. Herron turned the gun on him and forced him to drive the victim's vehicle and flee from law enforcement at gunpoint. The Defendant asserts that an independent act defense would have been successful at trial because Mr. Herron's actions fell outside of the common design of the original collaboration, and that had counsel planned or discussed such a defense with him, he would not have pled guilty.

The Court finds that the Defendant is not entitled to relief on this claim. The Defendant has not shown that counsel's failure to pursue and discuss such a defense with him constitutes deficient performance, as such a defense would have been unlikely to succeed at trial. *See Panagiotakis v. State*, 619 So. 2d 345 (Fla. 2d DCA 1993) (holding that defense counsel was not ineffective for failing to raise the defense of entrapment because the defendant did not establish that the defense was viable). During their depositions, former co-defendant Trisha Ledger and eyewitness Renita Rayner both made statements indicating that the Defendant participated in robbing the victim and searching his car for additional items to rob. Ms. Ledger's statements make it clear that the Defendant robb[ed] the victim of his keys and money in the hotel room as well as look[ed] through the victim's car for money. Ms. Rayner's statements also make it clear that the Defendant was yelling at the victim to get down on the bed, participated in taking the victim's pants off of him, participated in robbing the victim, and participated in searching the victim's car for additional items to rob. Because this testimony does not support an independent act defense, which would necessarily involve asserting that the Defendant played no role whatsoever in the actual robbery, it is unlikely that such a defense would [have been] viable and counsel cannot be said to have been deficient for failing to raise it prior

> to the Defendant entering his plea. *See Pasagiotakis*, 619 So. 2d at 346. Accordingly, this claim is denied.

Young bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The state court found that an "independent act" defense was not supported by the facts. Young shows that the state court's decision is based on neither an unreasonable determination of fact nor an unreasonable application of law. Consequently, the state court's application of *Strickland* was not unreasonable, and Young's application lacks merit even if his grounds were not waived the guilty plea.

Accordingly, Young's application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Young and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Young is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."

To merit a COA, Young must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Young is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Young must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 7, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE